**BLANK ROME LLP**
Erica Graves, Bar No. 301785
erica.graves@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: 424-239-3400
Facsimile: 424-239-3434

Attorneys for Defendant
RECO PEV LIMITED DBA KAABO USA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UMAIR ABBASI, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RECO PEV LIMITED DBA KAABO USA, a California Corporation; and DOES 1-100, inclusive,

Defendant.

Case No. 3:26-cv-6055

[Removed from Superior Court of California, County of Contra Costa, Case No. C26-01107]

**DEFENDANT RECO PEV LIMITED DBA KAABO USA'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT (28 U.S.C. §§ 1331, 1367 & 1441)**

Complaint Filed: April 1, 2026
Complaint Served: May 19, 2026
Removed: June 18, 2026
Trial Date: Not Set

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant RECO PEV LIMITED DBA KAABO USA ("Defendant") hereby removes the above-captioned action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

## I. REMOVAL IS TIMELY

1. On April 1, 2026, Plaintiff Umair Abbasi ("Plaintiff") filed a class action complaint (the "Complaint") in the Superior Court of California for the County of Contra Costa, entitled *Umair Abbasi, on behalf of himself and all others similarly situated, v. RECO PEV LIMITED DBA KAABO USA, et al.*, No. C26-01107 (the "State Court Action").

2. The proof of service filed in the State Court Action indicates that on May 19, 2026, Defendant's counsel executed a Notice and Acknowledgement of Receipt of the Summons and Complaint.

3. This Notice of Removal is therefore timely because it is being filed within 30 days of the purported service. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 348 (1999).

## II. CASE BACKGROUND

4. Plaintiff alleges that Defendant violated federal and state statutes related to electronic privacy and wiretapping. Specifically, Plaintiff alleges:

   a. "Defendant Reco Pev Limited DBA Kaabo USA, a California Corporation ("Defendant") owns and operates a website https://www.kaabousa.com/ (the "Website" or "Kaabousa")." (Compl., ¶ 1.)

b. "When users visit the Website, Defendant causes numerous trackers and cookies developed and operated by Meta, Google and Microsoft (the "Trackers") to be installed on Website visitors' internet browsers. Defendant then uses these Trackers to collect Website visitors' identifying information, as well as dozens of other data points that reveal the users' behavior and activity on the Website, subjecting the user to unwanted and intrusive communications by would-be advertisers." (*Id.*, ¶ 2.)

c. "[T]he Trackers constitute unlawful wiretapping under Section 2511 of the [federal] Electronic Communications Privacy Act ("ECPA") and Section 631 of the California Invasion of Privacy Act ("CIPA")." (*Id.*, ¶ 3.)

d. "Plaintiff Umair Abbasi visited the Website in and around March 2026 after navigating from an online advertisement and while researching information related to electric scooters." (*Id.*, ¶ 97.)

e. "Each of the Trackers described above are found on the Website. Therefore, when Plaintiff visited the Website, the Website's code—as programmed by Defendant—caused the Trackers to be installed on Plaintiff's browsers." (*Id.*, ¶ 98.)

5. Plaintiff seeks to represent a class of "[a]ll United States residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." (the "Class"). (*Id.*, ¶ 106.)

6. Plaintiff contends that Plaintiff and the Class are entitled to "statutory damages," "actual damages," "injunctive relief," and "attorneys' fees." (*Id.*, ¶¶ 139, Prayer.)

## III. THE COURT HAS JURISDICTION OVER THE ACTION

### A. Federal Question Jurisdiction

7. 28 U.S.C. § 1441, sets forth in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. The Court's subject matter jurisdiction and Defendant's removal is based on Plaintiff's cause of action under section 2511 of the Federal ECPA (Wiretap) Act, 28 U.S.C. § 2510, *et seq*. (*Id.*, ¶¶ 2, 139.)

9. Plaintiff's Complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that Plaintiff's cause of action under the Federal ECPA (Wiretap) Act sets forth claims arising under federal law.

10. Because Plaintiff's cause of action under the federal ECPA (Wiretap) Act is a federal question, the prerequisites for removal under 28 U.S.C. § 1441 have been met and this Court is vested with subject matter jurisdiction over this action.

### B. Supplemental Jurisdiction

11. This Court also has supplemental jurisdiction over Plaintiff's state law claims for (1) Violation of the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq*.; (2) Violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; (3) Invasion of Privacy; and (4) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. (the "State Law Claims").

Plaintiff's state and federal claims are part of the same case or controversy because all claims "arise from a common nucleus of operative facts" such that "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of Am. v. Gibbs*, 383 US 715, 726 (1966); 28 U.S.C. § 1367. All of the claims alleged in the Complaint relate to Defendant allegedly invading the Plaintiff and the class's privacy by installing Trackers on their computers via Defendant's Website, collecting their identifying information, and transmitting that information to third parties. (Compl., ¶ 2.)

## IV. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.

12. This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(a).

13. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal of Action to the United States District Court for the Northern District of California that will be filed with the Superior Court of the State of California for the County of Contra Costa is attached hereto as **Exhibit 1**.

14. A true and correct copy of the Contra Costa's online docket in the State Court Action is attached hereto as **Exhibit 2**.

15. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto, as follows:

| **EX** | **DOCUMENT** |
|---|---|
| **3** | Complaint (04/01/2026) |
| **4** | Civil Case Cover Sheet (04/01/2026) |
| **5** | Summons (04/01/2026) |
| **6** | Notice of Assignment to Department 16 for Case Management Determination (04/03/2026) |

| **EX** | **DOCUMENT** |
|---|---|
| **7** | Proof of Service (05/20/2026) |

16. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit additional bases, argument or evidence in support of removal as may be necessary.

## V. NON-WAIVER OF DEFENSES.

17. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including, without limitation, a motion to compel arbitration and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California for the County of Contra Costa to this Court.

Dated: June 18, 2026 **BLANK ROME LLP**

By: */s/ Erica Graves*
Erica Graves
Attorneys for Defendant
RECO PEV LIMITED DBA KAABO USA